1  JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

2

3  BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

4  ERIKA R. FRICK (CABN 208150)
Assistant United States Attorneys

5

6  450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6973

7  Facsimile: (415) 436-7234
E-Mail: erika.frick@usdoj.gov

8

Attorneys for the United States of America

9

10                    UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,        )   No. CR 08-0298 SI (EMC)
                                     )
15         Plaintiff,                )
                                     )
16       v.                          )   **UNITED STATES' RESPONSE TO**
                                     )   **DEFENDANT LINTZ'S PRE-**
                                     )   **DETENTION HEARING**
17  JAMES LINTZ,                     )   **MEMORANDUM**
    a/k/a "Zuke,"                    )
18                                   )
           Defendant.                )
19  _____ )

20

21                        **INTRODUCTION**

22         Defendant Lintz is scheduled for a detention hearing on May 16, 2008.  In advance of

23  this hearing, defendant has filed a lengthy memorandum objecting to the government proceeding

24  by proffer at the detention hearing.  Because the case law makes clear that both parties may

25  proceed by proffer at a detention hearing, the United States opposes defendant's baseless effort

26  to convert the detention hearing into a full-blown evidentiary hearing.

27

28

UNITED STATES' RESPONSE TO
PRE-DETENTION HEARING MEMORANDUM          1
CR 08-0298 SI (EMC)

1

**ARGUMENT**

2

I.    The United States is Entitled to Proceed By Proffer at the Detention Hearing.

3

Defendant Lintz objects to the government's use of proffers at the detention hearing.  The

4

governing statute and caselaw, as well as the long-standing practice in this District, are directly

5

to the contrary and make clear that the government may proceed by proffer at a detention

6

hearing.

7

A.    The Bail Reform Act Provides for the Use of Proffers and Relaxes Evidentiary
Requirements at Detention Hearings.

8

9

The Bail Reform Act provides that a defendant may, among other things, "present

information by proffer or otherwise" at a detention hearing.  18 U.S.C. § 3142(f).  The Act also

10

greatly relaxes evidentiary requirements at detention hearings, providing that "[t]he rules

11

concerning admissibility of evidence in criminal trials do not apply to the presentation and

12

consideration of information at the hearing." *Id.*  Quoting a D.C. Circuit case, defendant notes

13

that while the Act explicitly allows a defendant to proceed by proffer at a detention hearing, "the

14

Act is 'silent upon the question whether the Government may do so." Def. Memo. at 3 (quoting

15

*United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996)).  But defendant fails to note the

16

*Smith* court's response to this statutory silence.  Not only did the D.C. Circuit hold in *Smith* that

17

the government may present evidence by proffer at a detention hearing: it also noted that

18

"[e]very circuit to have considered the matter ... has ... permitted the Government to proceed by

19

proffer" at a detention hearing. *Smith*, 79 F.3d at 1210.

20

The Ninth Circuit is one of the circuits that has considered the matter.  In *United States v.*

21

*Winsor*, 785 F.2d 755, 756 (9th Cir. 1986), that court held squarely that "the government may

22

proceed in a detention hearing by proffer or hearsay."  The Ninth Circuit also held that "[t]he

23

accused has no right to cross-examine adverse witnesses who have not been called to testify" at a

24

detention hearing. *Id.*  Thus, it is settled law in this circuit – and has been settled law for over 20

25

years – that the government may proceed by proffer and that a defendant has no right to cross-

26

examine witnesses who do not testify at a detention hearing.

27

B.    The Fifth and Sixth Amendments Present No Bar to Proceeding by Proffer.

28

1    Defendant attempts to unsettle this settled law by arguing that the Fifth and Sixth

2    Amendments bar the use of proffers by the government at a detention hearing. Defendant's Fifth

3    Amendment argument is easily disposed of, since the Ninth Circuit in *Winsor* rejected Winsor's

4    argument "that due process requires a defendant in a pretrial detention hearing be afforded rights

5    of confrontation and cross-examination." *Id.* In other words, the Ninth Circuit has long

6    established that there is no general Fifth Amendment right to cross-examine witnesses or to bar

7    the government from proceeding by proffer at a detention hearing.[1]  Moreover, defendant has

8    failed to present any adequate, specific-to-this-case factual basis for mandating that government

9    witnesses testify and be cross-examined at the detention hearing in this specific case.

10    Defendant's argument under the Sixth Amendment has no more merit than his argument

11    under the Fifth. Defendant claims that under *Crawford v. Washington*, 541 U.S. 36 (2004), the

12    Sixth Amendment's Confrontation Clause bars the use of proffers and hearsay evidence at a

13    detention hearing. But magistrate judges of this court have repeatedly rejected this very same

14    argument. *See, e.g.*, *United States v. Bibbs*, 488 F. Supp. 2d 925 (N.D. Cal. 2007); *United States*

15    *v. Henderson*, No. CR 05-0609 JSW (May 31, 2006); *United States v. Wade*, No. CR 06-0287

16    MHP (July 19, 2006). *See also United States v. Salerno*, 481 U.S. 739, 746 (1987) ("pretrial

17    detention under the Bail Reform Act is regulatory, not penal"). As such, the right to

18    confrontation does not apply. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) (Sixth

19    Amendment's "right to confrontation is a <u>trial</u> right") (emphasis in original); *United States v.*

20    *Littlesun*, 444 F.3d 1196, 1199 (9th Cir. 2006) ("*Crawford* speaks to **trial** testimony") (emphasis

21

22

23    [1]    *United States v. Hall*, 419 F.3d 980 (9th Cir. 2005), and *United States v. Comito*,
      177 F.3d 1116 (9th Cir. 1999), on which defendant relies, are not relevant here because they do
24    not address pretrial detention hearings and instead deal with supervised release revocation
      hearings. The distinction is important, since (as we describe below) detention hearings are
25    purely regulatory proceedings. Supervised revocation hearings are not and instead have a penal
      nature. Even if *Hall* and *Comito* were relevant here, they would conflict directly with *Winsor*'s
26    square holding that the government is entitled to proceed by proffer and hearsay at a detention
      hearing. To the extent defendant seeks to have *Winsor* overruled based on *Hall*, *Comito*, or any
27    other case, that is a request properly addressed to the Ninth Circuit, not this Court.

28
UNITED STATES' RESPONSE TO
PRE-DETENTION HEARING MEMORANDUM                3
CR 08-0298 SI (EMC)

1    added).[2]  The D.C. Circuit has specifically rejected the argument that permitting the government

2    to proceed by proffer at a detention hearing violates a defendant's "right under the Sixth

3    Amendment to confront his accusers." *Smith*, 79 F.3d at 1210.  The Ninth Circuit's decision in

4    *Winsor* also undercuts defendant's Sixth Amendment argument.  While the *Winsor* court did not

5    reference the Sixth Amendment directly, apparently because the defendant there failed to argue

6    under the Sixth Amendment, the Ninth Circuit did reject Winsor's arguments that allowing the

7    government to proceed in a detention hearing by proffer or hearsay violated his "rights of

8    confrontation and cross-examination." *Winsor*, 785 F.2d at 756.

9          C.     The Court Should Not Order Production of Witnesses as a Matter of Discretion.

10         Defendant Lintz argues that even if the government generally is permitted to offer

11   evidence by proffer at a detention hearing, the Court nevertheless should exercise discretion to

12   require the United States to produce witnesses at the detention hearing here.  Def. Memo. at 19.

13   Defendant offers no specific basis for why this Court should take this extraordinary step of

14   ordering a full-blown evidentiary hearing.  In other words, without presenting any specific

15   factual basis defendant asks this Court to override the rule established by the Ninth Circuit in

16   *Winsor* that "the government may proceed in a detention hearing by proffer or hearsay." *Winsor*,

17   785 F.2d at 756.  There is no basis for such an action.

18

19

20

21

22

23

24   _____

25        [2]     There are at least two problems with defendant's efforts to rely on *United States*
     *v. Abuhamra*, 389 F.3d 309 (2d Cir. 2004), for his Sixth Amendment arguments.  First,
26   *Abuhamra* addresses the Sixth Amendment's right to public trial, not its right to confrontation.
     Second, the *Abuhamra* court noted that "the presentation of evidence at bail hearings may be
27   more informal than at probable cause and suppression hearings" and made no suggestion that
     there is an constitutional problem with that "informal" presentation of evidence.  *Id.* at 323-24.
28

     UNITED STATES' RESPONSE TO
     PRE-DETENTION HEARING MEMORANDUM          4
     CR 08-0298 SI (EMC)

1

**CONCLUSION**

2        For the foregoing reasons, the United States respectfully asks the Court to follow the

3  Ninth Circuit's decision in *Winsor* and permit the government to proceed by proffer at the

4  detention hearing.

5

6  DATED: May 15, 2008                              Respectfully submitted,
                                                     JOSEPH P. RUSSONIELLO
7                                                    United States Attorney

8

                                                     _____/s/_____
9                                                    ERIKA R. FRICK
                                                     Assistant United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28